THE STATE, EX REL. JUSTICE, *v.* THOMAS, AUD.

(Decided March 31, 1930.)

*Messrs. Guthery, Strelitz & Guthery,* for plaintiff in error.

*Mr. Alfred Donithen,* prosecuting attorney, for defendant in error.

HORNBECK, J. The relator was by the judge of the common pleas court of Marion county, Ohio, on or about the first day of January, 1929, duly appointed criminal bailiff and court constable for said court and his annual salary fixed at the sum of $1,-200 for each position, payable in monthly installments of $200 each. These appointments were made

and salary fixed by virtue of Sections 1541, 1692 and 1693, General Code.

Those appointments were brought to the attention of the county commissioners of Marion county prior to January 10, 1929, at which time said board adopted its annual appropriation resolution for the fiscal year ending December 31, 1929. In this resolution, under the heading "General Fund," is a subheading known as 5-b, common pleas court, and a further subdivision known as 5-b-1 to 5-b-10, inclusive. Under 5-b-3, carrying statement "Court Constables and Bailiffs," an appropriation in the sum of $1,800 is provided.

Relator, for services rendered under the foregoing appointments, monthly presented his vouchers to the respondent, auditor of Marion county, which were paid until the vouchers representing payments due on November 1, 1929, were presented, when the respondent refused payment and noted upon the vouchers, "Fund for Court and Criminal Bailiff's Salary Exhausted." Thereupon an action in mandamus was instituted in the court of common pleas seeking to compel the respondent to honor these vouchers and issue his warrant upon the county treasury for their payment. Upon the issues made on the answer of respondent to the petition and the reply to the answer, the case came on for hearing in the common pleas court, with the result that judgment was rendered for the respondent and against the relator. To this action error is prosecuted.

A correct determination of the question under consideration requires construction of the recently enacted Budget Act, 112 Ohio Laws, 391, and 113 Ohio Laws, 670, Section 5625-1 et seq., General Code.

It is claimed by counsel for the respondent that this act vests full control and authority in the county commissioners to fix and determine the aggregate salaries of all employees and deputies in the offices of county officials, and that a court constable and court bailiff are employees of the common pleas court judge and subject to the same classification as other deputies and employees.

The Legislature, in enacting the Budget Act, is presumed to have legislated with full knowledge and in the light of all statutory provisions touching the subject-matter of the act. We likewise are required, in the observance of the canons of statutory construction, to harmonize and give effect, if possible, to all laws pertaining to the subject-matter under consideration.

"If possible, a statute should be so construed as to render it a consistent and harmonious whole; if different portions seem to conflict, they should, if practicable, be harmonized, that construction being favored which will render every word operative rather than one which makes some words idle and nugatory." 25 Ruling Case Law, 1008.

"The Legislature is presumed to have had former statutes before it, to have been acquainted with their judicial construction, and to have passed new statutes on the same subject with reference thereto." 25 Ruling Case Law, 1063, citing *State* v. *Gerhardt,* 145 Ind., 439, 44 N. E., 469, 33 L. R. A., 313.

At the time the Budget Act was passed, Section 2460, General Code, was in effect. It provides:

"No claims against the county shall be paid otherwise than upon the allowance of the county commis-

sioners, upon the warrant of the county auditor, except in those cases in which the amount due is fixed by law, or is authorized to be fixed by some other person or tribunal, in which case it shall be paid upon the warrant of the county auditor, upon the proper certificate of the person or tribunal allowing the claim.''

The exception, it will be noted, includes both those cases where the amount is fixed by law or where it is authorized to be fixed by law.

Sections 1541, 1692 and 1693, General Code, were likewise in effect and under observance of the law-enacting body when it passed the Budget Act. Section 1541, General Code, provides, in so far as it is pertinent:

''The judge of the court of common pleas of a county * * * if they deem it advisable, may appoint either or all of the following: * * * First. A court interpreter. * * * *He shall receive for his services a compensation fixed by the judges appointing him, not to exceed twelve hundred dollars in any year,* or such sum in each particular case as the court, requiring his services, deems just. * * * *A criminal bailiff.* * * * *He shall receive compensation to be fixed by such judge* * * * at the time of his appointment, *not to exceed the amount permitted by law to be allowed court constables in the same court,* which shall be paid monthly from the county treasury upon the warrant of the county auditor.''

Section 1692, General Code, provides:

''When, in the opinion of the court, the business thereof so requires, each court of common pleas, * * * in each county of the state, * * * may ap-

point one or more constables to preserve order, * * * and discharge such other duties as the court requires.''

Section 1693, General Code, provides:

''Each constable *shall receive the compensation fixed by the judge or judges of the court making the appointment.* * * * In counties where only one judge holds court, such amount, not to exceed thirteen hundred dollars each year, *as may be fixed by the court,* and shall be paid monthly from the county treasury on the order of the court.''

It will be noted that the Budget Act makes no direct reference to deputies, as such, or other assistants of county officers, and it is only by indirection, unless in conjunction with other sections, that the amount of their compensation is provided for in the act.

Section 5625-29, General Code, which makes provision for the annual appropriation, specifies that classification shall be so made as to separately set forth the amount appropriated for each office, department or division, and within each the amount appropriated for *personal services.* It is under this heading of personal services that deputies and employees of county officials are reached, if at all, if the Budget Act controls their salaries. However, there are now and were when the Budget Act was passed, other sections, Section 2977 *et seq.,* General Code, which are found under Title X, Division III, ''Fees and Salaries,'' Chapter I, ''Salaries of County Officers.''

Section 2977, General Code, provides:

''All the fees, costs, percentages, penalties, allow-

ances and other perquisites collected or received by law as compensation for services by a county auditor, county treasurer, probate judge, sheriff, clerk of courts, surveyor or recorder, shall be so received and collected for the sole use of the treasury of the county in which they are elected and shall be held as public moneys belonging to such county and accounted for and paid over as such as hereinafter provided.''

Section 2978, General Code, provides that receipts for such fees be given by the named officers.

Section 2979, General Code, provides for the annual report of the receipt of fees, etc., to be made to the prosecuting attorney by these named officers.

Section 2981, General Code, which is of special interest in the consideration of our question, provides:

''*Such officers* may appoint and employ necessary deputies, assistants, clerks, bookkeepers or other employees for their respective offices, fix their compensation, and discharge them, and shall file with the county auditor certificates of such action. *Such compensation shall not exceed in the aggregate for each office the amount fixed by the commissioners for such office. When so fixed,* the compensation of each duly appointed or employed deputy, * * * shall be paid monthly from the county treasury, upon the warrant of the county auditor.''

The section just quoted, and the others heretofore cited, can, in our judgment, be construed *in pari materia.*

In Section 2977 *et seq.,* General Code, *all the county officers are specifically named save and ex-*

*cept the common pleas court judge.* This officer is provided for by the State Constitution and by Section 1532 of the Code. He is elected in the county in which he resides, and normally serves there, but is vested with state-wide jurisdiction. The state pays by far the greater part of his compensation; so that it is doubtful if he is, within the strict interpretation of the law, a county official. However, we do not so hold, nor is it necessary to so do, because it is apparent that the Legislature did not bring this office within the classification of those set forth in Sections 2977 and 2981, General Code. As to all offices therein set forth, the extent of the compensation is limited in Section 2981, General Code, to mean not to exceed the amount fixed by the commissioners. This is in harmony with the Budget Act, and no doubt controls. When the respective county officers mentioned in Section 2977 *et seq.*, General Code, have set the salaries of their deputies, etc., in accord with the amount fixed by the commissioners, this becomes the amount due, authorized to be fixed by law in accord with Section 2460, General Code. When the common pleas court judge appoints a court constable and criminal bailiff and fixes the compensation, as he is expressly authorized to do under Sections 1541, 1692 and 1693, General Code, it has been fixed by a person or tribunal authorized so to do, and it is an act equivalent to and on parity with a fixing by law.

The county commissioners are bound to accept this act of a common pleas court judge, who is authorized to fix the compensation by law, in the same manner as if it had been fixed by statutory enactment.

The Budget Act of 1927 specifically repealed one hundred and two sections of the General Code. As amended in 1929, it repealed other sections, and yet no modification or mention of Section 2977 *et seq.*, or of Sections 1541, 1692 or 1693 was made. Section 1541 was amended in 1929, 113 Ohio Laws, 467, and Section 1693 was also amended in the same year, 113 Ohio Laws, 8, and no change in the phraseology is employed except that it increases the amount to be allowed to the named appointees in certain counties.

The Budget Act authorizes the commissioners to control the aggregate compensation for employees, in so far as provided, and within this aggregate the officers can fix the salaries of their respective appointees as they see fit. If the act is controlling on a common pleas court judge, then, under the form of appropriation provided by the budget commission and adopted in this case, the commissioners controlled the salary of *each* of the common pleas court judge's appointees, as well as the *aggregate*. This inconsistency is a further reason why all of the statutes should be given consideration and meaning in determining our question. The form provided by the budget commission, and which was adopted by the commissioners in this case, is consistent with our theory of the law, because it makes specific provision under separate headings for the salaries of court constable, criminal bailiff, court stenographer, and court interpreter. If the common pleas court judge's appointments are upon the same basis as the other county offices, then the subheadings of the appropriation form should have included all of these

officials in one group, and only the aggregate expenditure permitted have been fixed.

The Budget Act, when taken in connection with Sections 2977, 2981, 1541, 1692, 1693 and 2460, General Code, becomes a complete and harmonious system and gives full weight to the letter and spirit of every section.

But it is insisted that Section 5625-29, General Code, limits the classification for expenditures, and that the auditor, being a ministerial officer, can only draw his warrants upon such funds as are specifically set apart by the county commissioners, and it is further claimed, inasmuch as the annual appropriation for 1930 has been made, and the unincumbered balances of 1929 have reverted to the respective funds from which they were appropriated, that there is no fund upon which the auditor could draw his warrants. We are of the opinion that the reverting of the unincumbered balances would not in itself prevent the granting of the relief prayed for by the relator. It is probable that the balance of more than $200, which the record disclosed was unexpended in the general fund, has reverted to that fund, and that there is no other claim against it.

In this case the auditor is the only defendant and the county commissioners are not parties. The county auditor is a ministerial officer, and, as the distributing official of the funds of the county, a tax unit, is strictly limited in issuing warrants by Section 5625-33, General Code, and penalized for the mispayment of moneys of the county by Section 5625-37, General Code.

Section 5625-33, General Code, in so far as applicable here, provides:

"No subdivision or taxing unit shall: * * * (b) Make any expenditure of money unless it has been appropriated as provided in this act. (c) Make any expenditure of money except by a proper warrant drawn against an appropriate fund which shall show upon its face the appropriation in pursuance of which such expenditure is made and the fund against which the warrant is drawn."

Inasmuch as there has been no specific appropriation made for the indebtedness represented by the vouchers for the salary of relator, the auditor is without authority to issue his warrants on them and this court is without power to compel him so to do.

It is claimed by counsel for relator that Section 5637, General Code, authorizes the payment of relator's vouchers. It provides for an annual levy in June by the county commissioners for the purpose of creating a judicial fund, and that such fund shall be expended for the payment of the various courts of the county; in the event that such fund is inadequate to meet the expenses of the courts, the general fund shall be drawn upon for payment of expenses. This section is not inconsistent with the Budget Act. But in our view of the case, should Section 5637, General Code, control, the provision that the general fund shall be drawn upon for the payment of expenses contemplates that that shall be done only when, and if, an appropriation has been made by the county commissioners. This is also true as to Section 2460, General Code, which is operative to control payment after proper appropriation.

We have carefully examined the authorities cited by counsel for the parties, and see no conflict whatever between our decision and the opinion of the Supreme Court in the case of *State, ex rel. Hile,* v. *Zangerle, Aud.,* 115 Ohio St., 32, 151 N. E., 769.

Our decision is *contra* to certain opinions of the Attorney General, especially one rendered March 30, 1928, No. 1913, Opinions of Attorney General (1928), volume 1, page 787. Although the Attorney General's opinions are not, and do not have the standing of, adjudicated cases, we recognize their quality. We believe, however, that they were rendered without distinct consideration having been given the sections other than those included within the Budget Act, which in our judgment have controlling force and effect.

The prayer of the petition will be denied.

*Writ denied.*

KUNKLE, P. J., and ALLREAD, J., concur.